**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

**ALL AMERICAN SEMICONDUCTOR,**
**INC., ET AL.,**

**Chapter 11**
**(Jointly Administered)**

**Case No. 07-12963-BKC-LMI**
**Case Nos. 07-12965 through 07-12967-BKC-**
**LMI; Case Nos. 07-12969 through 07-12974-**
**BKC-LMI; Case Nos. 07-12976 through 07-**
**12979-BKC-LMI; Case Nos. 07-12981**
**through 07-12991-BKC-LMI; Case No. 07-**
**12993-BKC-LMI; Case Nos. 07-12995**
**through 07-13002-BKC-LMI**

                                        **Debtors.**
_____/

**THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF**
**ALL AMERICAN SEMICONDUCTOR,**
**INC. ET AL., AND**
**KENNETH WELT, LIQUIDATING**
**TRUSTEE**

                                        **Plaintiff,**        **Adv. Pro. No. _____**

**v.**

**GIULIANI CAPITAL ADVISORS, LLC;**
**AND GIULIANI PARTNERS, LLC**

                                        **Defendants.**
_____/

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT AND/OR PREFERENTIAL**
**TRANSFERS PURSUANT TO SECTIONS 547 AND 548 OF THE BANKRUPTCY**
**CODE; TO RECOVER ESTATE PROPERTY PURSUANT TO SECTION 550 OF THE**
**BANKRUPTCY CODE; FOR DECLARATORY JUDGMENT PURSUANT TO**
**SECTION 541 OF THE BANKRUPTCY CODE; FOR TURNOVER UNDER SECTION**
**542 OF THE BANKRUPTCY CODE; AND FOR DISALLOWANCE OF THE**
**DEFENDANT'S CLAIMS AGAINST THE DEBTORS' ESTATES PURSUANT TO**
**SECTION 502(d) OF THE BANKRUPTCY CODE**

Plaintiff, the Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff")

appointed in the above-captioned bankruptcy cases (the "Bankruptcy Cases") of All American

Semiconductor, Inc. et al. (collectively, the "Debtors"), by and through its undersigned counsel,

hereby files this complaint against the Defendant **Giuliani Capital Advisors, LLC; and Giuliani Partners, LLC** (hereinafter collectively referenced as "Defendant"[1]), pursuant to Fed.R.Bankr.P.7001 and alleges:

## JURISDICTION AND VENUE

1.      This is an adversary proceeding brought by the Committee for the avoidance and recovery of preferential transfers pursuant to Sections 547 and 548 of Title 11 of the United States Code (the "Bankruptcy Code"); to recover estate property pursuant to Section 550 of the Bankruptcy Code; for declaratory judgment pursuant to Section 541 of the Bankruptcy Code; for turnover under Section 542 of the Bankruptcy Code; and for disallowance of the Defendant's claims pursuant to Section 502(d) of the Bankruptcy Code.

2.      This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§157 and 1334(b).

3.      This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A),(B),(E),(F),(H), and (O).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

5.      On April 25, 2007 (the "Petition Date"), the Debtors, including All American Semiconductor, Inc. ("AASI"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.      AASI wholly owns, directly or indirectly, each of the other Debtors (such other Debtors, the "Debtor Subsidiaries").

---

[1] Multiple defendants are collectively referenced herein as "Defendant," however all relief sought within this complaint is sought against each and all defendants referenced.

7. The Debtors continue to operate their businesses as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

8. No trustee or examiner has been appointed to date.

9. On May 2, 2007, the Office of the United States Trustee constituted the Committee.

10. The Bankruptcy Cases are, by order of the Court, being jointly administered.

11. The Committee has standing to file this Complaint and prosecute this adversary proceeding by virtue of the *Order Granting Motion by Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., for Order Conferring Derivative Standing on Committee to Pursue Estates' Avoidance Actions* (DE # 1174) (the "Order Conferring Derivative Standing").

12. Pursuant to the *Official Committee of Unsecured Creditors' Third Amended Plan of Liquidation* (DE # 1173) (the "Plan") and the Order Conferring Derivative Standing, upon the Effective Date of the Plan, the Liquidating Trustee shall succeed as the party in interest and shall be automatically substituted as plaintiff herein without the necessity of a further order from the Court.

13. Prior to the Petition Date, the Debtors were generally engaged in the distribution of electronic components manufactured by third parties.

14. Within ninety (90) days prior to the filing of the petition, the Debtors made transfers of interests of the Debtors in property to Defendant (or transferred for the benefit of Defendant) at least $275,000.00 pursuant to the transfers listed on the attached Exhibit "A" (collectively the "Transfer(s)").

15. At the time of the Transfer(s) to Defendant, Debtors were generally not paying their debts as they became due.

16.     At the time of such Transfer(s), pursuant to Section 101(32) of the Bankruptcy Code, and as specifically defined therein, each of the Debtors were insolvent in that the sum of each of their debts was greater than the sum of all of their respective assets, or each of the Debtors was otherwise insolvent.

17.     The Debtors were also insolvent during this time on a consolidated basis.

## COUNT I - AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO SECTIONS 547 AND 550 OF THE BANKRUPTCY CODE

18.     Plaintiff hereby re-alleges every allegation in the foregoing paragraphs as if fully set forth herein.

19.     The Transfer(s) referenced above in the total amount of at least $275,000.00, to  or for the benefit of Defendant from the Debtors:

      i.      was/were for the benefit of a creditor of the Debtors;

      i.      was/were for or on account of an antecedent debt owed by one or more of the Debtors before the date of the Transfers;

      ii.      was/were made while the Debtors were insolvent;

      iii.      was/were made on or within ninety (90) days of the date of the filing of the bankruptcy petition, or between 90 days and within one (1) year before the date of the filing of the petition to or for the benefit of an insider;

      iv.      enabled Defendant to receive more than it would have received if the case was filed under Chapter 7 of the Bankruptcy Code, the Transfer(s) had not been made, and Defendant received payment of its debt to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth within Section §547(b)(5) of the Bankruptcy Code.

20.     Defendant was the initial transferee or the entity for whose benefit the Transfer(s) was/were made, and as a result, the Plaintiff is entitled to recover the Transfer(s) from Defendant pursuant to Section §550(a)(1) of the Bankruptcy Code.  Alternatively, Defendant is the immediate or mediate transferee of the initial transferee for whose benefit the Transfer(s)

was/were made, and as a result, Plaintiff is entitled to recover the Transfer(s) from Defendant pursuant to Section §550(a)(2) of the Bankruptcy Code.

WHEREFORE, Plaintiff, The Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding the preferential Transfer(s) and requiring  Defendant to remit to Plaintiff the amount of the Transfer(s), thus entering judgment against  Defendant, in the amount of at least $275,000.00, or in such amounts as determined by this Court, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

### COUNT II- AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548 AND 550 OF THE BANKRUPTCY CODE

21.	Plaintiff hereby re-alleges every allegation in the foregoing paragraphs as if fully set forth herein.

22.	This Count is plead in the alternative, in the event that the Court does not find that the Transfer(s) fall within Section 547 of the Bankruptcy Code and/or to the extent that any such Transfer(s) fall within Section 548 of the Bankruptcy Code.

23.	The Transfer(s) of funds in the total amount of at least $275,000.00, to Defendant was/were transfer(s) of interests of the Debtors in property, made within ninety (90) days of the date of the bankruptcy filing and with the actual intent to hinder, delay, and defraud creditors pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

24.	Alternatively, pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, the aforementioned Transfer(s) was/were of an interest of the Debtors in property which occurred within ninety (90) days of the date of the bankruptcy filing whereby Debtors received less than a reasonably equivalent value in exchange for the Transfer(s) and:

5

(a)  Were insolvent on the date that the Transfer(s) was/were made or became insolvent as a result of the Transfer(s);

(b)  Were engaged in business or a transaction or were about to engage in business or a transaction for which any property remaining with the Debtors was an unreasonable small capital;

(c)  The Debtors intended to incur or believed or reasonably should have believed that they would incur debts that would be beyond their ability to pay as such debts matured; or

(d)  Made such Transfer(s) to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

25.   Defendant was the initial transferee or was otherwise the person or entity for whose benefit the Transfer(s) was/were made, and as a result, Plaintiff is entitled to recover the amount of at least $275,000.00 pursuant to 11 U.S.C. §550(a)(1). Alternatively, Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the Transfer(s) was/were made, and as a result, the Plaintiff is entitled to recover the Transfer(s) from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, Plaintiff, The Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding the fraudulent transfers thus entering judgment against Defendant, in the amount of at least $275,000.00, or in such amount as determined by this Court, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT III --  ACTION FOR DECLARATORY RELIEF

26.   Plaintiff hereby re-alleges every allegation in the foregoing paragraphs as if fully set forth herein.

27.     Pursuant to Section 541(a)(3) of the Bankruptcy Code, the Debtors' estates (the "Estates") are comprised of any interest in property that is recovered under section 550 of the Bankruptcy Code.

28.     Additionally, pursuant to Section 541(a)(4) of the Bankruptcy Code, any property preserved for the benefit of or ordered transferred to the Estates under Section 551 of the Bankruptcy Code is property of the Estates.

29.     As a result, the Transfer(s) referenced above are property of the Debtors' Estates pursuant to Section 541(a)(3) and (4) of the Bankruptcy Code, if recovered under Section 550 of the Bankruptcy Code, and thus automatically preserved for the Estates under Section 551 of the Bankruptcy Code.

30.     There is a real and immediate controversy as to the Estates' rights to the funds referenced as the Transfer(s) above.

WHEREFORE, the Plaintiff, The Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., by and through undersigned counsel, respectfully requests that the Court enter judgment against Defendant determining that the total funds referenced as the Transfer(s) above, in the amount of at least $275,000.00  constitute the Estates' property pursuant to Section 541 of the Bankruptcy Code, and granting any further relief which this Court deems just and proper.

### <u>COUNT IV - TURNOVER OF PROPERTY</u>

31.     Plaintiff hereby re-alleges every allegation in the foregoing paragraphs as if fully set forth herein.

32.     Pursuant to Section 542(a) of the Bankruptcy Code, an entity in possession, custody or control during the case of property that the Estates may use, sell or lease under §363

of this title, shall deliver to the Estates, and account for, such property or the value of such property.

33.     Defendant has failed to turn over to the Estates the value of the subject Transfer(s) or any part thereof.

34.     The right to recover and receive the Transfer(s) or the value thereof from Defendant is property of the Estates pursuant to Section 541 of the Bankruptcy Code.

35.     Defendant is in possession of at least $275,000.00, plus interest, that is property of the Estates.

36.     Plaintiff seeks an order from the Court requiring Defendant to turn over the sum of at least $275,000.00 plus interest and costs, by way of a judgment against Defendant requiring the delivery of such Transfer(s) or the value thereof to the Estates and an accounting for the value of such funds pursuant to Section 542(a) of the Bankruptcy Code.

WHEREFORE, Plaintiff, The Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., by and through undersigned counsel, respectfully requests that the Court enter judgment for damages against Defendant, thus ordering it to pay the sum of $275,000.00, plus prejudgment interest to the Estates, plus court costs, interest, and such other relief as the Court deems just and proper.

### COUNT V- DISALLOWANCE OF DEFENDANT'S CLAIMS PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE

37.     Plaintiff hereby re-alleges every allegation in the foregoing paragraphs as if fully set forth herein.

38.     Defendant is an entity from which property is recoverable pursuant to sections 542, 543, 550, or 553 of the Bankruptcy Code, or Defendant is a transferee of the Transfer(s)

which is/are avoidable and recoverable pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code.

39.     Defendant has not returned or paid the total amount of the Transfer(s) to Plaintiff.

40.     Based upon the foregoing, and pursuant to Section 502(d) of the Bankruptcy Code, any and all of Defendant's claims, if any, whether filed or to be filed or amended, liquidated or contingent, disputed or undisputed, scheduled or unscheduled, asserted against the Debtors' bankruptcy estates at any time must be disallowed, at least, unless and until Defendant pays or surrenders the amount of the Transfer(s) to Plaintiff (without prejudice to other grounds for objection thereto).

WHEREFORE, Plaintiff, The Official Committee of Unsecured Creditors of All American Semiconductor, Inc., et al., by and through undersigned counsel, respectfully requests that the Court enter judgment against Defendant, disallowing any and all of Defendant's claims, if any, whether filed or to be filed or amended, liquidated or contingent, disputed or undisputed, scheduled or unscheduled, asserted at any time against the Debtors' Estates, under Section 502(d) of the Bankruptcy Code, and for such other and further relief that this Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

DATED:  April 14, 2009

**MARKOWITZ, DAVIS, RINGEL & TRUSTY, P.A.**
*Attorneys for The Official Committee of Unsecured Creditors*
Two Datran Center, Suite 1225
9130 South Dadeland Boulevard
Miami, Florida  33156-7849
Telephone: (305) 670-5000
Facsimile: (305) 670-5011
E-mail: jmarkowitz@mdrtlaw.com

By:      /s/ Jerry M. Markowitz
JERRY M. MARKOWITZ
Florida Bar No.: 182420
RILYN A. CARNAHAN
Florida Bar No.: 614831